UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ARTRIA IVY by and through DANIELLE IVY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANNY BERRY, M.D., et al. )<br>)<br>Defendants. ) | Case No. 1:20-cv-00045-SNLJ |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Natasha Ware's unopposed motion to dismiss and to substitute the United States as party-defendant (ECF #10). For the reasons explained below, the motion is **GRANTED**.

This matter began in state court. Plaintiff filed a state law malpractice claim against Ware alleging plaintiff presented to Ware "with a history of a fall from a truck with outstretched arms and continuing pain" for which Ware "diagnosed tendonitis and failed to order any further imaging studies." Plaintiff says she had an "elbow injury" that was "discovered when an x-ray was [later] ordered [by another doctor]." Plaintiff sought "in excess of twenty-five thousand dollars" in damages.

Ware is a physician employed by Cross Trails Medical Center. She removed the case to federal court under the federal officer removal statute, 28 U.S.C. §1442(a), and also under a provision of the Westfall Act, 28 U.S.C. § 2679(d)(2). In doing so, she alleges she is "deemed to be a U.S. Public Health Service employee" because her

1

employer, Cross Trails Medical Center, is eligible for Federal Tort Claims Act (FTCA) coverage, *see* 28 U.S.C. § 1346, pursuant to the Federally Supported Health Centers Assistance Act, *see* 42 U.S.C. § 233(a), (h).

These many statutes—all focusing on a limited waiver of federal sovereign immunity—work in tandem to accomplish a specific set of procedural results. The FTCA waives sovereign immunity "against the United States, for money damages … [involving] injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment[.]" 28 U.S.C. § 1346(b)(1). The Westfall Act provides federal employees total immunity from tort claims arising out of acts undertaken in the course of their official duties. 28 U.S.C. § 2679(b)(1). It also empowers the Attorney General (or the United States Attorney acting on their behalf) to certify that a federal employee sued for wrongful or negligent conduct "was acting within the scope of his office or employment at the time of the incident out of which the claims arose." 28 U.S.C. § 2679(d)(1), (2). When this happens, "the employee is dismissed from the action, and the United States is [properly] substituted as defendant in place of the employee." *Osborn v. Haley*, 549 U.S. 225, 230 (2007). If the action began in state court, the Westfall Act further calls for it to be removed to a federal district court, and the Attorney General's certification is treated as "conclusive … for purposes of removal." 28 U.S.C. § 2679(d)(2).

That is the process played out in this case. As part of the notice of removal, the United States Attorney for the Eastern District of Missouri certified that Cross Trails

Medical Center is a private entity eligible for FTCA coverage, that Ware was employed by Cross Trails Medical Center, and that Ware was acting within the scope of her employment at the time of the incident complained of by plaintiff. (ECF #1-1). Having so certified, Ware—deemed a federal employee—is "dismissed from the action, and the United States is substituted as defendant in [her] place." *Osborn*, 549 U.S. at 230.

Accordingly,

**IT IS HEREBY ORDERED** that Natasha Ware's motion to dismiss and to substitute the United States as party-defendant (ECF #10) is **GRANTED**. The United States is hereby **SUBSTITUTED** as party-defendant in place of Ware. Ware is **DISMISSED with prejudice**, a separate order to follow.

So ordered this 15th day of April 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE